**HERBERT HAYDEN, ESQ. (SBN 248282)**
New Tech Law Group, Inc.
40931 Fremont Boulevard
Fremont, California 94538
Telephone: (510) 659-8884
Facsimile: (510) 659-1169

**Attorney for Plaintiff:**
Mr. Hamid Karimi

FILED
2007 MAY 30 PM 12:09
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADR
Fee Pd.

District court H.K

IN THE UNITED STATES ~~BANKRUPTCY COURT~~

NORTHERN DISTRICT OF CALIFORNIA

C07-02815 CW

| | |
|---|---|
| HAMID KARIMI, | CASE NO.: |
|  | **COMPLAINT FOR DAMAGES** |
|  | **DEMAND FOR JURY TRIAL** |
| Plaintiff, |  |
| vs. |  |
| HON YUEN CHENG, HCL FINANCE, INC., a California corporation, HOME COMMUNITY LENDING, et al., |  |
| Defendants. |  |

## I. PRELIMINARY STATEMENT

1. Plaintiff Hamid Karimi institutes this action for actual damages, statutory damages, attorneys fees, and the costs of this action against defendants HCL Finance, Inc., a California corporation, Home Community Lending, a California corporation, and Eloan Engine and Does 1-50 (hereinafter collectively referred to as "Defendants" or "HCL") for multiple violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto, and for violations of the California Finance Code § 4973 and the California Business and Professions Code §§ 17500 et seq., as pendent claims.

## II. JURISDICTION

2. The jurisdiction of this court for the First Cause of Action is invoked pursuant to the Truth in

Complaint for Damages - Karimi v. HCL, Inc., et. al.
G:\Shared Docs\100\K042 Karimi\001 HCL Finance\Complaint4Damages.5-21-07.wpd

1

1. Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

3. Jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a).

### III. PARTIES

4. The plaintiff, Hamid Karimi, is a natural person currently residing at 3643 Bernal Ave Pleasanton, CA 94566.

5. Defendants HCL, Inc., Home Community Lending, Eloan Engine and Does 1-50 are domestic corporations duly licensed under the California Finance Lenders Law 10 C.C.R. §1404, et seq., and doing business within this state.

6. At all times relevant hereto, the defendant HCL regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 50, inclusive, and therefore sues them by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner legally responsible for the activities and damages alleged herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8. Each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents, and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. At all times material hereto defendants were and are each other's agents.

### IV. FACTUAL ALLEGATIONS

9. On or about August 8, 2005, plaintiff entered the office of defendant HCL located at 1885 Lundy Ave., Ste. 200, San Jose, CA 95131 and inquired about obtaining credit to refinance the

Complaint for Damages - Karimi v. HCL, Inc., et al.
G:\Shared Doc\100\K042 Karimi\001 HCL Finance\Complaint4Damaqges 5-21-07.wpd

2

loan on his residence locate at 3643 Bernal Ave Pleasanton, CA 94566. During plaintiff's discussions with defendant HCL on August 8, 2005, plaintiff stated to defendant HCL that he wanted a loan to refinance his home mortgage without any prepayment penalty. As a result of discussion with plaintiff at that time, defendant HCL indicated to plaintiff that it would extend a loan to him in the amount of Seven Hundred Fifty Thousand and No/100ths Dollars ($750,000.00) with an adjustable interest rate thereon to begin at one percent (1%) per annum with no prepayment penalties; the details of defendant HCL and plaintiff's discussions were memorialized in the loan interest rate lock agreement dated August 8, 2005.

10. On or about August 9, 2005, plaintiff and defendant HCL entered into loan agreement B7050085SS. During the course of plaintiff's discussions and negotiations, defendant HCL represented to plaintiff that defendant HCL would provide plaintiff a loan in the amount of seven hundred fifty thousand and no/100ths Dollars ($750,000.00) with an adjustable interest rate thereon to begin at one percent (1%) per annum with no prepayment penalties. At no time during the course of these discussions and negotiations did HCL or any of its employees or agents notify plaintiff that a prepayment penalty provision had been included in the loan agreement or aware him of that provisions terms. This transaction is a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 226.

11. The loan agreement and deed of trust lists as security for the loan the principal residence of plaintiff located at 3643 Bernal Ave Pleasanton, CA 94566.

12. Defendant HCL did not provide a copy of the loan documents to plaintiff on August 8, 2005 or notify him that a prepayment penalty would included in the terms of the loan.

13. On August 8, 2005, defendant HCL instructed plaintiff to attend a meeting at the offices of Chicago Title Company located at 392420 Liberty Street, Ste. 155, Fremont, California 94538 to sign and execute the loan agreement and its related documents.

14. On August 9, 2005, plaintiff entered the offices of Chicago Title Company to sign and execute the loan agreement. Plaintiff was instructed to go into an office/meeting room and sign

Complaint for Damages - Karimi v. HCL, Inc., et al
G:\Shared Doc\100\K042 Karimi\001 HCL Finance\Complaint4Damages.5-21-07.wpd

3

1  several pages of documents by one of the employees of the Chicago Title Company; at no time
2  did defendant HCL instruct plaintiff on how to sign the loan agreement, or inform plaintiff as to
3  the nature of the document he was signing.
4  15. On or about August 9, 2005, after plaintiff signed the loan agreement and related documents,
5  plaintiff received via hand delivery a copy of the note, deed of trust, and a Truth in Lending
6  disclosure statement.
7  16. The Truth in Lending Disclosure statement prepared by defendant HCL disclosed an amount
8  financed of $747,652.21, a finance charge of $1,201,452.64, an annual percentage rate of
9  7.108%, and a security interest in plaintiff's home.
10  17. Included as part of the $1,201,452.64 amount financed were the following charges:
11  a. $2,347.79 prepaid finance charge;
12  b. $175.00 appraisal review fee;
13  c. Prepayment: If you pay off early, you may have to pay a penalty and will not be entitled to a
14  refund of part of the finance charge.  Although, plaintiff received this document on August 9,
15  2005, plaintiff never read any portions thereof nor did defendants instruct plaintiff to read it or
16  caution or make plaintiff aware of its contents.
17  18. On December 5, 2006, plaintiff attempted to refinance his loan with Country Wide Home
18  Loans Servicing, when he discovered that a prepayment penalty would be incurred on the loan
19  with defendant HCL in the amount of $29,093.30, despite the initial negotiations of the loan
20  wherein he was guaranteed by defendant HCL that no prepayment penalty would be charged.
21  19. Prior to December 5, 2006, plaintiff had not seen or received any disclosure from defendant
22  HCL that a prepayment penalty would be charged if he entered into the loan agreement with
23  defendant HCL.
24  20. On or about December 2006, plaintiff contacted defendant HCL regarding the prepayment
25  penalty and notified defendants HCL and Hon Yuen Cheng that the prepayment penalty had
26  been included in his loan agreement.
27
28  Complaint for Damages - Karimi v. HCL, Inc., et. al.
G:\Shared Doc\100\K042 Karimi\001 HCL Finance\Complaint4Damaqges 5-21-07.wpd

4

21. On or about January 2007, defendants HCL and Hon Yuen Cheng notified plaintiff that it would offer plaintiff a new loan refinancing transaction with 6.875% interest to help plaintiff to refinance out of his existing Option ARM mortgage program. Defendant HCL stated that in consideration of plaintiff accepting this loan, it would cover plaintiff's prepayment penalty in the amount of $29,093.30 and not charge plaintiff any lender fees.

22. On or about February 2007, defendants HCL and Hon Yuen Cheng notified plaintiff that it would offer plaintiff a new loan refinancing transaction in the principal amount of $785,000.00 with 7.750% interest when it sent plaintiff an Underwriting Approved Notice. The Underwriting Approved Notice refers to defendant HCL Finance as "Home of the 'No Doc Loan'."

23. Plaintiff concerned that the alternative loan agreement that defendants HCL and Hon Yuen Cheng offered to him would effectively place him in a far worse position to the benefit of HCL, by virtue of additional prepayment penalties, a higher interest rate, and other service expenses, declined to enter into said alternative loan agreements.

## V. FIRST CAUSE OF ACTION
### (Violation of TILA and Regulation Z)

24. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

b. By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

c. By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a)(9) and Regulation Z § 226.18(m).

d. By failing to include in the finance charge certain charges imposed by defendant HCL payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). Such amounts include, but are not limited to:

Complaint for Damages - Karimi v. HCL, Inc., et. al.
G:\Shared Doc\100\K042 Karimi\001 HCL Finance\Complaint4Damagges.5-21-07.wpd

5

i. Any prepayment penalty chargeable;

ii. $2,347.79 prepaid finance charge, 15 U.S.C. § 1605(a)(2); Regulation Z § 226.4(b)(2);

iii. $175.00 appraisal review fee, 15 U.S.C. § 1605(a), Regulation Z § 226.4(a);

e. By improperly including certain charges in the amount financed which are finance charges, including but not limited to those itemized in k 13(d) herein, defendant HCL improperly disclosed the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z § 226.18(b).

f. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z § 226.22, the defendant HCL understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

25. By reason of the aforesaid violations of the Act and Regulation Z, defendant HCL is liable to plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and attorneys fees and costs in accordance with 15 U.S.C. § 1640.

## VI. SECOND CAUSE OF ACTION
### (Fraud)

26.     Plaintiff realleges and incorporates as if fully repeated herein, the allegations of paragraphs 1 through 23 hereof.

27.     Plaintiff is informed and believes, and thereupon alleges that, at the time plaintiff and defendants entered into the loan agreement, defendants knew that a prepayment penalty had been included into the provisions of the loan agreement although, defendants had represented to plaintiff that no such term would be made part of the loan agreement.

28.     The representations of defendant HCL were made with the intent to, and did, induce plaintiff to act in reliance thereon, and plaintiff did act without knowing the falsity of the representations. As a result, plaintiff was induced to and did enter into the loan agreement with the prepayment penalty provision.

29.     Had plaintiff known the falsity of defendant HCL's representations, plaintiff would not

Complaint for Damages - Karimi v. HCL, Inc., et. al.
G:\Shared Doc\100\K042 Karimi\001 HCL Finance\Complaint4Damaqges 5-21-07.wpd

6

have entered into the loan agreement.

30. As a result of defendant HCL's false representations, plaintiff has suffered and expects to suffer loss and damage, including the cost of the prepayment penalty, higher interest rates, and further expenses currently estimated at an amount in excess of $29,093.30.

31. The above-described conduct of defendant HCL consisted of intentional misrepresentation, deceit, or concealment of material facts known to defendant HCL, with the intent of harming plaintiff's financial condition, and was despicable conduct, which has subjected plaintiff to unjust hardship in conscious disregard of the rights of plaintiff, so as to justify an award of exemplary and punitive damages.

### VII. THIRD CAUSE OF ACTION
(Intentional Misrepresentation)

32. Plaintiff realleges, and incorporates as if fully repeated herein, the allegations of paragraphs 1 through 23 hereof.

33. At all material times during the course of negotiations and discussions by defendants and plaintiff, defendants by and through its agents or officers, represented to plaintiff that defendant HCL would make the loan to plaintiff without a prepayment penalty.

34. In reliance on said representations, plaintiff proceeded to enter into the loan agreement.

35. Said representations were, in fact, false.

36. Said representations were made by defendant HCL, by and through its officers, employees or agents intentionally in order to damage and impose economic harm and injury to plaintiff, his business and reputation and/or in reckless disregard for the adverse economic impact of their actions on plaintiff's business and reputation.

37. As a result of defendant HCL's including the prepayment penalty in the loan agreement, plaintiff has suffered and expects to suffer loss and damage, including but not limited to the cost of the prepayment penalty in the amount of $29,093.30, and accrue interest at a much higher rate than he would be eligible for had he not entered into the loan with defendant HCL.

### VIII. FOURTH CAUSE OF ACTION

Complaint for Damages - Karimi v. HCL, Inc., et. al.
G:\Shared Doc\100\K042 Karimi\001 HCL Finance\Complaint4Damaqges 5-21-07.wpd

7

### (Negligent Misrepresentation)

38. Plaintiff realleges and incorporates as if fully repeated herein, the allegations of paragraphs 1 through 23 hereof.

39. At all material times during the course of negotiations and discussions by defendants and plaintiff, defendants by and through its agents or officers, represented to plaintiff that defendant would make the loan to plaintiff without a prepayment penalty.

40. In reliance on said representations, plaintiff proceeded to execute the loan agreement.

41. Said representations were, in fact, false.

42. Said representations were made by defendant HCL, by and through its officers, employees or agents and without due care as to the truth of the representations.

43. As a result of defendant HCL's breach of the covenant of good faith and fair dealing, plaintiff has suffered and expects to suffer loss and damage, including but not limited to the cost of the prepayment penalty in the amount of $29,093.30, and accrue interest at a much higher rate than he would be eligible for had he not entered into the loan with defendant HCL.

### IX. FIFTH CAUSE OF ACTION
### (Violation of Civil Code Provisions Regulating Consumer Loans Secured by Real Property)

44. Plaintiff realleges and incorporates as if fully repeated herein, the allegations of paragraphs 1 through 23 hereof.

45. Defendants HCL and Hon Yuen Cheng are brokers licensed under the California Finance Lenders Law and residential mortgage lender licensed under the California Residential Mortgage Lending Act.

46. On August 8, 2005, plaintiff applied to defendant HCL, and on August 9, 2005, plaintiff and defendant signed an agreement, for a loan (hereinafter "the loan"). The loan is secured by real property located in Alameda County, California, that is used as plaintiff's principal dwelling and is improved by a one-unit residential dwelling, a single family residence. The original principal balance of the loan did not exceed the most current conforming loan limit for a single family first mortgage loan established by the Federal National Mortgage Association in the case

Complaint for Damages - Karimi v. HCL, Inc., et. al.
G:\Shared Doc\J00\K042 Karimi\001 HCL Finance\Complaint4Damaqges 5-21-07.wpd

8

of a mortgage or deed of trust. The total points and fees payable by plaintiff at closing exceeded 6 percent of the total loan amount.

47. In violation of Division 1.6 of the Financial Code, on and after August 9, 2005, defendant solicited plaintiff, and plaintiff consequently and unknowingly agreed, to the prepayment penalty provisions.

48. Defendant included the prepayment penalty knowing that plaintiff had rejected the same provision while negotiating the loan and that plaintiff's stated reason was plaintiff's financial inability to pay the cost of the prepayment penalty in addition to the monthly loan payments. Defendants included the prepayment provision despite having received both oral and written notice from plaintiff that plaintiff did not intend for such prepayment term to be included in the loan.

49. As of February 2007, the aggregate amount that plaintiff would be charged as a result of the prepayment penalty is $29,093.30, not including amounts charged as interest on the principal over and above the interest rate plaintiff could have refinanced at had plaintiff been financially capable of opting out of the loan agreement with defendant HCL. Plaintiff has continued to make the agreed monthly loan payments, so as not become in default under the loan agreement, even though plaintiff on December 2006, informed defendants that the inclusion of the prepayment penalty was illegal and that plaintiff demanded appropriate relief from it.

### X. SIXTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

50. Plaintiff realleges and incorporates as if fully repeated herein, the allegations of paragraphs 1 through 23 hereof.

51. The loan agreement entered into between defendant HCL and plaintiff included an implied covenant of good faith and fair dealing by each party.

52. Defendants' actions, as specified herein, including the actions set forth above, constitute a course of conduct, undertaken intentionally or negligently, the effect of which was to subject plaintiff to predatory lending by perpetrating a fraud and misinforming plaintiff as to the true

Complaint for Damages - Karimi v. HCL, Inc., et. al.
G:\Shared Docs\100\K042 Karimi\001 HCL Finance\Complaint4Damages 5-21-07.wpd

9

nature of the prepayment penalty, causing plaintiff to incur a prepayment penalty in the amount of $29,093.30, and accrue interest at a much higher rate than he would be eligible for had he not entered into the loan with defendant HCL.

53. Under the circumstances, defendants breached the implied covenant of good faith and fair dealing.

54. As a result defendants' breach of the covenant of good faith and fair dealing, plaintiff has suffered and expects to suffer loss and damage, including but not limited to the cost of the prepayment penalty in the amount of $29,093.30, and accrue interest at a much higher rate than he would be eligible for.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court:

1. Assume jurisdiction of this case;
2. Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);
3. Award statutory damages in the amount of twice the finance charge not to exceed $2,000.00 in accordance with 15 U.S.C. § 1640(a)(3);
4. Award plaintiff costs and reasonable attorneys fees in accordance with 15 U.S.C.§ 1640;
5. For general damages in the sum of $29,093.30 or statutory damages in the sum of $ 15,000, whichever is greater;
6. For an order declaring the unenforceability of the loan agreement insofar as it concerns the prepayment penalty and reforming the agreement accordingly;
7. Award such other relief as the court deems appropriate.

**Date: May 30, 2007**

NEW TECH LAW GROUP, INC

Herbert Hayden, Esq. attorney for Plaintiff

Complaint for Damages - Karimi v. HCL, Inc., et. al.
G:\Shared Doc\100\K042 Karimi\001 HCL Finance\Complaint4Damaqges 5-21-07.wpd

10